# RESOLUTIONS OF THE BOARDS OF MANAGERS AND DIRECTORS OF SORENSON COMMUNICATIONS HOLDINGS, LLC AND CERTAIN OF ITS DIRECT AND INDIRECT SUBSIDIARIES

## February 26, 2014

At a telephonic meeting on February 26, 2014 of the boards of managers and directors (the "*Authorizing Body*"), as applicable, of each of the following:

> Sorenson Communications Holdings, LLC, Sorenson Holdings, Inc., SCI Holdings, Inc., Sorenson Communications, Inc., Allied Communications, Inc., CaptionCall, LLC, and Sorenson Communications of Canada, ULC;

(each a "*Company*" and, collectively, the "*Companies*"), each of the Companies' respective Authorizing Body took the following actions and adopted the following resolutions:

WHEREAS, on January 31, 2014, each Authorizing Body authorized the nonpayment of interest due February 3, 2014 under the senior secured notes;

WHEREAS, each Authorizing Body has reviewed and considered the materials presented by each Company's management team and the financial and legal advisors of each Company, including, but not limited to, the presentations to each Authorizing Body made by Kirkland & Ellis LLP, Moelis & Company, and Alix Partners LLC on February 26, 2014 regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the impact of the foregoing on each Company's businesses;

WHEREAS, the Authorizing Body has had the opportunity to consult with each Company's management team and the financial and legal advisors to the Companies and fully consider each of the strategic alternatives available to the Companies; and

WHEREAS, in the business judgment of each Authorizing Body, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that the Companies commence and consummate solicitation of votes from holders of claims and interests entitled to vote on the the Prepackaged Joint Plan of Reorganization of Sorenson Communications Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (the "*Prepackaged Plan*").

I.  **Entry into the Support Agreement and the Backstop Letter Agreement with the Participating Noteholders**

   NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of each Authorizing Body, it is desirable and in the best interests of each Company, its creditors and other parties in interest, to enter into that certain restructuring support agreement (the "*Support Agreement*") and that certain backstop letter agreement (the "*Backstop Letter Agreement*") with those certain participating noteholders as defined therein (the "*Participating Noteholders*"); and it is

   RESOLVED FURTHER, that the Chief Financial Officer, any Vice President, or any other designated officer of each Company (collectively, the "*Authorized Officers*"), acting alone or with one or more other Authorized Officers, with power of delegation, be, and they hereby are, authorized to execute the Support Agreement and the Backstop Letter Agreement on behalf of the Companies.

II.  **Prepackaged Plan and Disclosure Statement**

   RESOLVED FURTHER, that in the business judgment of each Authorizing Body, it is desirable and in the best interests of each Company, its creditors and other parties in interest, to approve the Prepackaged Plan and disclosure statement related thereto (the "*Disclosure Statement*") for solicitation of votes of from the holders of the claims and interests entitled to vote on the Prepackaged Plan and for filing with the Bankruptcy Court, when appropriate.

III.  **Commencement of and Consummation of Solicitation of Votes from the Holders of the Claims and Interests Entitled to Vote on the Prepackaged Plan**

   RESOLVED FURTHER, that in the business judgment of each Authorizing Body, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that commencement and consummation of solicitation of votes from the holders of the claims and interests entitled to vote on the Prepackaged Plan.

IV.  **Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code**

   RESOLVED FURTHER, that in the business judgment of each Authorizing Body, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that each Company file or cause to be filed a voluntary petition for relief under the provisions of the Bankruptcy Code; and it is

RESOLVED FURTHER, that the Authorized Officers, acting alone or with one or more other Authorized Officers, with power of delegation, be, and they hereby are, authorized to execute and file on behalf of each Company all petitions, lists, motions, applications, exhibits, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's businesses.

**V.     Retention of Professionals**

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP as bankruptcy co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Pachulski Stang Ziehl & Jones LLP; and it is

RESOLVED FURTHER, that the Authorized Officers, and they hereby are, authorized and directed to employ the firm of AlixPartners LLC to assist and represent each Company in carrying out its duties under Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of AlixPartners LLC; and it is

RESOLVED FURTHER, that the Authorized Officers, and they hereby are, authorized and directed to employ the firm of Moelis & Company LLC, as financial advisor and investment banker to represent and assist each Company in carrying out its duties under Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to

cause to be filed appropriate applications for authority to retain the services of Moelis & Company LLC.; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## VI. Further Actions and Prior Actions

RESOLVED FURTHER, that each of the officers of each Company or their designees shall be, and each of them, acting alone or with one or more other officers, hereby is, authorized, directed, and empowered, in the name of, and on behalf of, each Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

## CERTIFICATE

The undersigned, Scott Sorensen, Chief Financial Officer of each of the following (each, a "*Company*" and, collectively, the "*Companies*"):

> Sorenson Communications Holdings, LLC, Sorenson Holdings, Inc., SCI Holdings, Inc., Sorenson Communications, Inc., Allied Communications, Inc., CaptionCall, LLC, and Sorenson Communications of Canada, ULC;

hereby certifies as follows:

1. I am the duly qualified and appointed Chief Financial Officer of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2. Attached hereto is a true, complete and correct copy of the Resolutions of the Authorizing Body of each Company (collectively the "*Authorizing Bodies*"), duly adopted in accordance with each Company's limited liability company agreement or bylaws, as applicable.

3. Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exists no other subsequent resolution of the Authorizing Body relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 26th day of February 2014.

By: _____
Name: Scott Sorensen
Title:  Chief Financial Officer